UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| MARZONO SHELLY, | |
| Plaintiff, | |
| v. | CAUSE NO. 3:22-CV-493-JD-MGG |
| CLARENCE MURRAY, et al., | |
| Defendants. | |

OPINION AND ORDER

Marzono Shelly, a prisoner without a lawyer, filed a complaint. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

According to the complaint, Clarence Murray, Mark Watson, and Lorenzo Arredondo are clerks for the Lake Superior Court.[1] He asserts that these clerks

---

[1] The court accepts the allegations as true for purposes of this order, but it appears that Shelly has misidentified two defendants as clerks. Clarence D. Murray served as a judge for the Lake Superior Court until January 1, 2021. THE TIMES OF NORTHWEST INDIANA, *Judge Murray to Retire* (Feb. 2, 2021), available at https://www.nwitimes.com/news/local/judge-murray-to-retire-commission-seeks-applications-for-replacement/article_955b6a28-eae2-51c9-a251-4435b20b2263.html. Mark Watson serves as a magistrate judge for the Lake Superior Court. THE TIMES OF NORTHWEST INDIANA, *Veteran Prosecutor Appointed as*

interfered with his right of access to the courts by indicating that records for his guilty plea hearing existed when no such hearing occurred while also refusing to produce these records. By declining to concede the non-existence of these records, Clerks Murray and Watson impeded his efforts to collaterally attack his conviction in January 2021. In that collateral proceeding, Shelly sought to demonstrate that his guilty plea was invalid because he did not receive a hearing and did not waive his right to trial. Clerk Arredondo impeded his efforts in an appeal by indicating, on April 13, 2022, that the appellate record was complete and that no transcript of the guilty plea transcript was forthcoming. Shelly alleges that, as a result of Clerk Arredondo's conduct, his appeal was dismissed.

Prisoners are entitled to meaningful access to the courts. *Bounds v. Smith*, 430 U.S. 817, 824 (1977). The right of access to the courts is the right of an individual, whether free or incarcerated, to obtain access to the courts without undue interference. *Snyder v. Nolen*, 380 F.3d 279, 291 (7th Cir. 2004). The right of individuals to pursue legal redress for claims that have a reasonable basis in law or fact is protected by the First Amendment right to petition and the Fourteenth Amendment right to substantive due process. *Id*. (citations omitted). Denial of access to the courts must be intentional; "simple negligence will not support a claim that an official has denied an individual of access to the courts." *Id*. at 291 n.11 (citing *Kincaid v. Vail*, 969 F.2d 594, 602 (7th Cir. 1992)).

---

*Magistrate* (Jan. 17, 2021), available at https://www.nwitimes.com/news/veteran-prosecutor-appointed-as-magistrate-in-lake-criminal-courts/article_7e5ef493-8161-504c-934d-783ab2e55b84.html.

To establish a violation of the right to access the courts, an inmate must show that unjustified acts or conditions (by defendants acting under color of law) hindered the inmate's efforts to pursue a non-frivolous legal claim, *Nance v. Vieregge*, 147 F.3d 591, 590 (7th Cir. 1998), and that actual injury (or harm) resulted. *Lewis v. Casey*, 518 U.S. 343, 351 (1996) (holding that *Bounds* did not eliminate the actual injury requirement as a constitutional prerequisite to a prisoner asserting lack of access to the courts); *see also* Pattern Civil Jury Instructions of the Seventh Circuit, 8.02 (rev. 2017). In other words, "the mere denial of access to a prison law library or to other legal materials is not itself a violation of a prisoner's rights; his right is to access *the courts*," and only if the defendants' conduct prejudices a potentially meritorious legal claim has the right been infringed. *Marshall v. Knight*, 445 F.3d 965, 968 (7th Cir. 2006). "Thus, when a plaintiff alleges a denial of the right to access-to-courts, he must usually plead specific prejudice to state a claim, such as by alleging that he missed court deadlines, failed to make timely filings, or that legitimate claims were dismissed because of the denial of reasonable access to legal resources." *Ortloff v. United States*, 335 F.3d 652, 656 (7th Cir. 2003) (overruled on other grounds).

According to the electronic dockets for the State courts,[2] on January 12, 2021, Shelly challenged his battery conviction in Case No. 45G02-9606-CF-99 by filing a motion to withdraw the guilty plea. The Lake Superior Court summarily denied the

---

[2] In accordance with Fed. R. Evid. 201, the court takes judicial notice of the post-conviction and appellate proceedings in the Lake Superior Court and the Indiana appellate courts, electronically, available at https://public.courts.in.gov/mycase/.

3

motion, and Shelly appealed the decision in Case No. 21A-CR-182. The Indiana Court of Appeals affirmed the denial of the motion to withdraw the guilty plea on the basis that it amounted to an unauthorized successive petition in violation of Ind. Post-Conviction R. 1 § 12. In other words, the motion to withdraw the guilty plea was denied because Shelly did not obtain prior authorization for a successive petition from the Indiana Court of Appeals rather than any statements by Clerks Murray and Watson. Because Clerks Murray and Watson did not prejudice Shelly with respect to the motion to the withdraw the guilty plea, Shelly may not proceed against these defendants.

Next, on April 13, 2022, Clerk Arredondo filed a notice of completion of the clerk's record with the Indiana Court of Appeals in Case No. 22A-CR-710 and indicated that no transcript was forthcoming. The subject of that appeal was the Lake Superior Court's rejection of an offer to settle a small claims lawsuit filed by Shelly by vacating his conviction. On April 20, 2022, the State of Indiana filed a motion to dismiss the appeal because it did not appeal a final order, an interlocutory order that could be appealed as a matter of right, or an order that had been certified for discretionary interlocutory appeal. On May 23, 2022, the Indiana Court of Appeals dismissed the appeal on the State of Indiana's motion. In other words, the Indiana Court of Appeals dismissed the appeal because the order Shelly sought to appeal was not an appealable order rather than because of any statement by Clerk Arredondo. Because Clerk Arredondo did not prejudice Shelly with respect to the appeal, Shelly may not proceed against Clerk Arredondo, and no other claims remain.

"The usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). However, "courts have broad discretion to deny leave to amend where . . . the amendment would be futile." *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 432 (7th Cir. 2009). For the reasons previously explained, such is the case here.

For these reasons, this case is DISMISSED under 28 U.S.C. § 1915A.

SO ORDERED on July 8, 2022

/s/JON E. DEGUILIO
CHIEF JUDGE
UNITED STATES DISTRICT COURT